UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH L. STEELE o/b/o
RONALD STEELE,

      Plaintiff,

v.                                  Case No.: 8:04-CV-617-T-17MAP

JO ANNE BARNHART,
Commissioner of
Social Security,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

For the second time Plaintiff, on behalf of her deceased husband, appeals the administrative law judge's determination that she is not entitled to period of disability and disability insurance benefits for the time period of January 13, 1987, through December 31, 1991.[1] She claims entitlement to an immediate award of benefits because ALJ Michael S. Maram "wilfully disobeyed" this Court's remand instructions. After consideration, I find the ALJ conducted proceedings as required by this Court's previous order and his findings are supported by substantial evidence. Accordingly, I recommend the Plaintiff's complaint be dismissed and judgment be entered for the Defendant.

    *A. Background*

Ronald Steele passed away on November 4, 1998, due to cirrhosis of the liver. His widow seeks benefits on his behalf claiming he became disabled on January 13, 1987, due

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

to multiple back injuries, a rotator cuff injury, cirrhosis, depression, and high blood pressure.[2]  Prior to this date, Mr. Steele worked as a counter parts clerk and as a delivery clerk. He had a high school degree and one year of college. After carefully reviewing and evaluating the record evidence, the ALJ issued a written decision on February 14, 2001, concluding that through his last date of insured, December 31, 1991, Mr. Steele retained the residual functional capacity to perform a limited range of light work (R. 26). Thereafter, Mrs. Steele exhausted her administrative remedies and filed suit in this Court. United States District Judge James D. Whittemore entered an order on October 31, 2002, remanding the case for further administrative proceedings. Specifically, Judge Whittemore directed the ALJ to more fully develop the record regarding facts supporting the Florida Worker's Compensation Board's decision to award benefits to Mr. Steele and to articulate with particularity the reasons for rejecting Dr. Arthur's, Mr. Steele's treating psychiatrist, opinions. *See* case no. 8:01-cv-1906-T-27MAP, doc. 18.

Upon remand, the ALJ conducted a new administrative hearing and issued a decision denying benefits on November 28, 2003 (R. 479-490). With regard to the specific issues identified by Judge Whittemore, the ALJ opined he could not accord great weight to the Florida Worker's Compensation Board's finding of permanent total disability since the board had not retained its records pertaining to Mr. Steele's claim. Similarly, the ALJ attempted to develop the record regarding Dr. Arthur's treatment, but found some of the doctor's records destroyed and those that remained unreliable. As a result, the ALJ reviewed

---

[2] The ALJ accurately reports Mr. Steele's medical history and I adopt that portion of his decision for purposes of this report and recommendation. (R. 480-486).

the other record evidence and opined that Mr. Steele was not disabled during the relevant time period and retained the residual functional capacity to light work, comprised by his nonexertional impairments

At this juncture, Mrs. Steele appeals the ALJ's decision denying benefits. She asserts this Court should reverse the ALJ's most recent decision to deny benefits, contending the ALJ failed to abide by Judge Whittemore's instructions on remand.

*B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR § 404.1520(f). In reviewing the ALJ's findings, this court must ask if substantial evidence supports them.

*Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton, supra,* at p. 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

     *C. Discussion*

          *1.  Decision of the Florida Worker's Compensation Board*

The Plaintiff contends that the ALJ erred by failing to give proper weight to the decision of the Florida Worker's Compensation Board despite Judge Whittemore's directions.  She claims that the board found her husband permanently totally disabled effective October 30, 1989, and argues that this finding should have been given great weight by the ALJ pursuant to *Falcon v. Heckler*.  *Falcon*, 732 F. 2d 827, 831 (11th Cir. 1984) (holding that findings of disability by another agency, although not binding, are entitled to great weight).  In response, the Commissioner states that subsequent to the Eleventh Circuit's ruling in *Falcon* the Social Security Commission has implemented important intervening changes in the law.  Upon consideration, I find that in light of the changes, the ALJ followed the correct analysis in evaluating both the worker's compensation disability

finding and Dr. Arthur's records.

As the *Falcon* court noted, "the definitions of disability under Florida's worker's compensation law and federal social security law differ." *Falcon, supra.* The ALJ must abide by the Social Security Administration's elaborate rules relating to whether a claimant has mental limitations absent alcohol abuse. In 1996, Congress amended Title II of the Social Security Act to provide that a claimant will not be deemed "disabled" if drug addiction or alcoholism is a "contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935 (1996). Thus, in order to be considered disabled for Social Security purposes, a Plaintiff must prove that he has mental limitations absent the use of alcohol. *See* 20 C.F.R. § 404.1535, *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001). Looking at the documentation concerning the board's decision, only one document, a notice dated November 2, 1989, stating that Mr. Steele was to receive compensation, supports the board's decision. Because the record is void of any evidence explaining the board's decision to award benefits, including whether the board considered Mr. Steele's alcoholism, in light of the Social Security Administration's explicit guidelines regarding alcohol use, it is unreasonable for the ALJ to give "great weight" to the board's decision.

Instead of adopting the board's disability finding, the ALJ relied on other evidence of record and consulted Dr. Michael Eastridge, a medical expert specializing in evaluating and rehabilitating individuals with brain dysfunction (R. 129). Dr. Eastridge reviewed the medical evidence and testimony and found that Mr. Steele had a substance abuse disorder during the period between January 12, 1987, and December 31, 1991. He assessed Mr.

Steele as experiencing slight limitations of functioning in activities of daily living, moderate limitations in social functioning, and moderate deficiencies of concentration in work or work-like settings due to his mental impairments in the absence of alcohol use. He opined that the mental impairments combined with the effects of alcohol abuse together would cause Mr. Steele to experience marked limitations in social functioning and extreme limitations in attention and concentration. When asked whether Mr. Steele would be able to work taking into consideration his depression (Listing 12.04) and organic brain disorder (Listing 12.02) in absence of alcohol abuse, the medical expert Michael Eastridge testified that Mr. Steele would have only slight limitations in activities of daily living, moderate limitations in social functioning, often deficiencies in concentration, persistence and pace, and no episodes of deterioration/decompensation (R.134). Dr. Eastridge indicated that "the real evidence that there's an impairment in absence of alcohol abuse comes much later in 1995," after Mr. Steele's insured status expired (R. 135). Accordingly, the ALJ's decision not to give great weight to the worker's compensation board's disability finding and his conclusion that Mr. Steele is not disabled due to organic brain syndrome, depression, and mixed personality disorder is supported by substantial evidence.

    *2. Dr. Arthur's opinions*

The Plaintiff asserts the ALJ erred by failing to articulate with particularity his reason for rejecting Dr. Arthur's opinions. According to the Plaintiff, the ALJ neglected to give good cause for rejecting this treating psychiatrist's opinions that her husband was permanently disabled. The ALJ contends that Dr. Arthur did not retain his records concerning Mr. Steele since it has been more than seven years since he last treated him and

the limited records available show inconsistencies in his opinions. In considering the available records from Dr. Arthur, the ALJ properly followed the Social Security Administration's elaborate rules for evaluating medical source opinions.

The Commissioner must give a treating physician's testimony substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The regulations dictate this preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2).

If the ALJ discounts the treating physician's opinion, he must clearly articulate his reasons for doing so and to do otherwise is reversible error. *Lewis* at 1440. "Good cause" exists where the doctor's opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the doctors' opinions were conclusory or inconsistent with their own medical records. *Lewis* at 1440 (citations omitted).

Against this backdrop, I find that the ALJ articulated multiple valid reasons for rejecting Dr. Arthur's opinions. The ALJ noted that no supporting office notes were included in the medical evidence to support his September 1989 conclusion that Mr. Steele was totally and permanently disabled. The ALJ properly indicated that Dr. Arthur's opinions regarding Mr. Steele's inability to perform work were unpersuasive since Dr. Arthur is not a vocational expert. Review of the available progress notes regarding the severity of Mr. Steele's impairments were inconsistent and several notes indicated he exaggerated his pain

and symptoms. The ALJ also noted that the evidence failed to establish Mr. Steele satisfied the twelve-month durational requirement. Accordingly, I find the ALJ attempted in good faith to further develop the record per Judge Whittemore's remand instructions and his decision not to accord substantial weight to Dr. Arthur's opinions is supported by substantial evidence.

*D. Conclusion*

For the reasons stated, I recommend that Plaintiff's complaint be dismissed and judgment be entered for the Commissioner.

IT IS SO REPORTED at Tampa, Florida on this 22nd day of September, 2005.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attaching on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).

cc: Hon. Elizabeth A. Kovachevich
 Counsel of Record